PER CURIAM.
This matter is before this Court pursuant to a stipulation between the Florida Judicial Qualifications Commission and Gayle S. Gra-ziano, a Circuit Judge of the Seventh Judicial Circuit of Florida, wherein Judge Graziano admits to judicial misconduct and the Commission recommends that she be publicly reprimanded for such misconduct. We have jurisdiction. Art. V, § 12, Fla. Const. We approve the stipulation and impose the recommended sanction.
In its entirety, the stipulation states:
The Florida Judicial Qualifications Commission (“the Commission”) and the Honorable Gayle S. Graziano stipulate for the •purpose of this inquiry:
1. On July 13, 1993, Judge Graziano was the presiding judge in a criminal case in which defendant’s attorney sent a subpoena by facsimile transmission to Dr. Harry Krop on the day before he was scheduled to appear as a speaker at a death penalty seminar in Key West, Florida. Judge Gra-ziano should have known that Dr. Krop had not been properly served, that he was scheduled to appear as a speaker at an *820 important professional conference in Key West and that he and his family were scheduled to go on a long-planned vacation to Europe immediately after the conference. Nevertheless, Judge Graziano issued a bench warrant for his immediate arrest and return to Volusia County. As a result, Dr. Krop was arrested by the police at the conference in Key West. He was handcuffed and led away by the police in the presence .of a large number of attorneys attending the seminar and then incarcerated. Judge Graziano’s conduct in regard to Dr. Krop embarrassed and humiliated him and resulted in considerable inconvenience and unnecessary expense.
2. Judge Graziano acknowledges that in the foregoing case she failed to act in compliance with Canon 2A, requiring a judge to respect and comply with the law and to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
8. Furthermore, Judge Graziano acknowledges that on other occasions she failed to be patient, dignified and courteous to litigants, lawyers and others with whom she dealt in an official capacity as required by Canon 3B(4).
4. Judge Graziano will not contest the recommendation the Commission has set forth below charging her with violations of Canon 2A and Canon 3B(4) of the Code of Judicial Conduct and will not contest that she violated those provisions.
5. The Commission and Judge Graziano waive oral argument before the Florida Supreme Court.

Recommendation

After full and deliberate consideration, the Commission by a vote of at least nine (9) members, finds that the conduct of Judge Graziano violated the provisions of Canons 2A and 3B(4) of the Code of Judicial Conduct and recommends to the Supreme Court of Florida that Judge Gayle S. Graziano be publicly reprimanded for her conduct and her violation of Canons 2A and 3B(4).
Given the foregoing stipulation, which is self-explanatory, we hereby reprimand Judge Gayle S. Graziano for the improper judicial conduct set out in the stipulation.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.